977 F.2d 582
 142 L.R.R.M. (BNA) 2312
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
ACE MOTOR TRANSPORT COMPANY, Respondent.
 No. 92-5976.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1992.
 
 Before NATHANIEL R. JONES and SILER, Circuit Judges and BAILEY BROWN, Senior Circuit Judge.
 
 
 1
 This cause was submitted upon the application of the National Labor Relations Board for the summary entry of a judgment against Respondent, Ace Motor Transport Company, Sandusky, Ohio, its officers, agents, successors, and assigns, enforcing its order dated March 20, 1992, in Case No. 8-CA-23594, and the Court having considered the same, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that the Respondent, Ace Motor Transport Company, Sandusky, Ohio, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from
 
 3
 (a) Failing and refusing to bargain with Teamsters, Chauffeurs, Warehousemen and Helpers Union Local No. 20, AFL--CIO, as the exclusive bargaining representative of the employees in the unit described below by failing and refusing to adhere to the terms of the March 31, 1991--March 31, 1992 collective-bargaining agreement by (i) failing and refusing to make contributions to pension and health and welfare funds pursuant to the agreement; (ii) failing and refusing to pay the wage rates established by the agreement; (iii) failing and refusing to process grievances pursuant to the agreement; and (iv) failing and refusing to remit to the Union dues deducted from employee paychecks pursuant to the agreement. The unit is:
 
 
 4
 All truck drivers employed at the 3103 Tiffen Ave., Sandusky, Ohio facility, excluding all office clerical employees, professional employees, guards and supervisors as defined in the Act.
 
 
 5
 (b) Refusing to bargain with the Union by failing and refusing to negotiate and bargain with the Union concerning the effects on unit employees of ceasing operations at its Sandusky, Ohio facility.
 
 
 6
 (c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of rights guaranteed them by Section 7 of the Act.
 
 
 7
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 8
 (a) Make whole the unit employees for any losses of earnings and other benefits they may have suffered as a result of the Respondent's failure to make pension and health and welfare fund contributions as required by the collective-bargaining agreement and its failure to pay contractual wage rates, in the manner set forth in the remedy section of the Board's decision.
 
 
 9
 (b) Remit to the Union all dues which the Respondent has deducted from the paychecks of its unit employees, with interest, in the manner set forth in the remedy section of the Board's decision.
 
 
 10
 (c) Abide and comply with the grievance provisions set forth in the agreement by, on request, processing all pending grievances filed by the Union.
 
 
 11
 (d) On request, bargain collectively with the Union with respect to the effects on unit employees of ceasing operations at its Sandusky, Ohio facility and reduce to writing any agreement reached.
 
 
 12
 (e) Pay the employees in the unit described above limited backpay in the manner set forth in the remedy section of the Board's decision.
 
 
 13
 (f) Preserve and, on request, make available to the Board or its agents for examination and copying all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amounts due under the terms of this Judgment.
 
 
 14
 (g) Mail a copy of the attached notice marked "Appendix" to the last known address of all unit employees who were employed at the Sandusky, Ohio facility immediately prior to the Respondent's closure of that facility. Copies of the notice, on forms provided by the Regional Director for Region 8, after being signed by the Respondent's authorized representative, shall be mailed immediately upon receipt.
 
 
 15
 (h) Notify the Regional Director in writing within 20 days from the date of this Judgment what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 16
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES
 
 COURT OF APPEALS ENFORCING AN ORDER OF THE
 NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 17
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 18
 WE WILL NOT refuse to bargain collectively with Teamsters, Chauffeurs, Warehousemen and Helpers Union Local No. 20, AFL--CIO, as the exclusive bargaining representative of our employees in the unit set forth below, by failing and refusing to make contributions to the pension and health and welfare funds as required by the collective-bargaining agreement, by failing and refusing to deduct and remit authorized dues to the Union, by failing and refusing to abide by and comply with the grievance provisions set forth in the agreement, or by failing and refusing to pay the wage rates established in the agreement. The unit is:
 
 
 19
 All truck drivers employed at the 3103 Tiffen Ave., Sandusky, Ohio facility, excluding all office clerical employees, professional employees, guards and supervisors as defined in the Act.
 
 
 20
 WE WILL NOT fail and refuse to bargain with the Union by failing and refusing to bargain in good faith over the effects on unit employees of ceasing operations at our Sandusky, Ohio facility.
 
 
 21
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 22
 WE WILL, on request, bargain collectively with the Union with respect to the effects on unit employees of our decision to cease operations at our Sandusky, Ohio facility, and reduce to writing any agreement reached.
 
 
 23
 WE WILL pay the employees who were employed in the unit at our Sandusky, Ohio facility at the time of our cessation of operations their normal wages for a period of time required by the National Labor Relations Board in its Decision and Order.
 
 
 24
 WE WILL abide and comply with the grievance and arbitration provisions set forth in the agreement by, on request, processing all pending grievances.
 
 
 25
 WE WILL make whole the unit employees by making all payments to the pension and health and welfare funds, as provided in the collective-bargaining agreement, which have not been paid and which would have been paid absent our unilateral discontinuance of such payments, and by reimbursing the unit employees for any expenses ensuing from our unlawful failure to make such payments, with interest.
 
 
 26
 WE WILL make whole our employees for any losses suffered by reason of our failure to pay them the wage rates set forth in the agreement, with interest.
 
 
 27
 WE WILL remit to the Union, with interest, all authorized union dues which we have deducted from the paychecks of unit employees.
 
 ACE MOTOR TRANSPORT COMPANY
 
 28
 (Employer)
 
 
 29
 Dated __________ By ____________________ (Representative) __________ (Title)
 
 
 30
 This is an official notice and must not be defaced by anyone.
 
 
 31
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 1240 East Ninth Street, Room 1695, Cleveland, Ohio 44199-2086, Telephone 216-522-3729.